# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| KIKHAM S., | Case No. 26-cv-1621 (LMP/ECW) |
| Petitioner, | |
| v. | **ORDER GRANTING** |
| | **HABEAS PETITION** |
| KRISTI NOEM, *Secretary, Department of Homeland Security*; TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

Daniel P. Suitor, **Daniel P. Suitor, PLLC, Minneapolis, MN**, for Petitioner.

Trevor Brown and David W. Fuller, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Kikham S. filed a petition for a writ of habeas corpus, asserting that his immigration detention violates the Immigration and Nationality Act ("INA"), the Fourth and Fifth Amendments to the United States Constitution, and the *Accardi* doctrine. *See generally* ECF No. 1. Respondents (the "Government") oppose the petition. ECF No. 4. For the reasons below, the Court grants the petition.

## BACKGROUND

Kikham S. is a native of Laos who entered the United States as a refugee in December 1988. ECF No. 5 ¶ 4. He received lawful permanent resident status in April 1990. *Id.* ¶ 5. In March 1995, Kikham S. was detained and served an order to show

cause charging him with removability under the INA based on an October 1994 weapons conviction in Iowa. *Id.* ¶ 6; ECF No. 5-1 at 3. He was released on his own recognizance, but he failed to appear for his scheduled hearing date and was ordered removed in absentia by an immigration judge. ECF No. 5 ¶¶ 6–7; ECF No. 5-2. In July 2003, Kikham S.'s removal proceedings were reopened, ECF No. 5 ¶ 11, and he was granted an adjustment to his status, *see id.* ¶ 12; ECF No. 5-4.

In September 2012, Kikham S. was convicted in Minnesota of felony solicitation of a child to engage in sexual conduct and sentenced to fifteen months imprisonment. ECF No. 1 ¶ 25. While serving his sentence, he was turned over to the custody of United States Immigration and Customs Enforcement ("ICE") and served with a notice to appear charging him with removability under the INA. ECF No. 5 ¶¶ 13–15. Kikham S. was again ordered removed in October 2012. *Id.* ¶ 16; ECF No. 5-5. He waived his right to appeal the removal order, rendering it administratively final. *See* ECF No. 5 ¶ 16; ECF No. 5-5. Laos, however, historically has refused to accept Laotian nationals ordered removed from the United States. ECF No. 1 ¶ 2; ECF No. 4 at 1. As a result, Kikham S. was released from ICE custody in January 2013 pursuant to an order of supervision ("OSUP"). ECF No. 5 ¶ 17; ECF No. 5-6.

On January 4, 2026, Kikham S. was arrested by ICE in Albert Lea, Minnesota, and he has since been detained at the Freeborn County Jail. ECF No. 1 ¶¶ 5, 10. Later that same day, ICE served Kikham S. a Notice of Revocation ("Notice") of his OSUP, citing ICE's determination that "there is a significant likelihood of removal in the reasonably foreseeable future . . . [b]ased on changed circumstances in [his] case." ECF No. 5-7 at 1–

2.  The Notice does not identify what those "changed circumstances" are.  *See id.* at 1.  An ICE Deportation Officer conducted an informal interview with Kikham S. to "afford [him] an opportunity to respond to the reasons for revocation" of his OSUP stated in the Notice.  *Id.* at 3.  Kikham S. did not provide an oral or written statement during the interview.  *See id.*; ECF No. 5 ¶ 19.

Kikham S. filed a petition for a writ of habeas corpus on February 25, 2026, alleging that because ICE did not identify in the Notice "any change in circumstance to justify revocation" of his OSUP, ECF No. 1 ¶ 29, the revocation and Kikham S.'s ongoing detention violate the INA, the Fourth and Fifth Amendments, and the *Accardi* doctrine,[1] *see id.* ¶¶ 47–66.

The Court ordered the Government to file a response to Kikham S.'s petition "certifying the true cause and proper duration of Kikham S.'s confinement and showing cause why the writ should not issue," including "[s]uch affidavits and exhibits as are needed to establish the lawfulness" of Kikham S.'s detention.  ECF No. 3 at 1–2.  The Government timely responded, ECF No. 4, including by filing a declaration from an ICE Deportation Officer and multiple exhibits, *see, e.g.*, ECF No. 5.  Kikham S. filed a reply to the Government's response.  ECF No. 6.

---

[1]     The *Accardi* doctrine—named for the case from which it derives, *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)—"bars administrative agencies from taking action inconsistent with their internal regulations when it would affect individual rights."  *United States v. Lee*, 274 F.3d 485, 492 (8th Cir. 2001) (internal quotation marks omitted) (citation omitted).

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)).  The protections of habeas corpus extend to those in immigration detention.  *See INS v. St. Cyr*, 533 U.S. 289, 305 (2001).

In situations where a noncitizen has been ordered removed from the United States, but ICE determines that "there is no significant likelihood that the [noncitizen] will be removed in the reasonably foreseeable future," 8 C.F.R. § 241.13(g)(1), ICE may not detain the noncitizen indefinitely, *see Zadvydas v. Davis*, 533 U.S. 678, 699–700 (2001).  Federal regulations require ICE instead to "promptly make arrangements for the release of the [noncitizen] subject to appropriate conditions," typically in the form of an OSUP.  8 C.F.R. § 241.13(g)(1).  However, if circumstances change such that ICE can demonstrate there is a "significant likelihood" that a noncitizen previously released subject to an OSUP "may be removed in the reasonably foreseeable future," ICE "may revoke" the noncitizen's OSUP and re-detain the noncitizen pending his removal.  *Id.* § 241.13(i)(2).  The regulations require ICE to notify the noncitizen of "the reasons for revocation" of his release and to "conduct an initial informal interview promptly after" his return to custody to "afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification."  *Id.* § 241.13(i)(3).

4

Kikham S. asserts that ICE did not follow these procedures. *See* ECF No. 1 ¶¶ 29, 64–66; ECF No. 6 at 6–8. He notes that the Notice "only offers conclusory statements with no supporting facts" to demonstrate a change in circumstances that makes his removal any likelier than it was when he was ordered removed in 2012 and released on his OSUP in 2013. *See* ECF No. 6 at 7–8. Kikham S. argues that "[t]hese cursory, unsupported, conclusory statements cannot justify the deprivation of [his] liberties," *id.* at 8, and that the deficiencies in the Notice constitute a deprivation of due process, which requires his immediate release from custody, *see id.* at 4–8.

The Government, for its part, represents that the "changed circumstances" referred to in the Notice are that "Laos recently resumed accepting its citizens for repatriation." ECF No. 4 at 1. The Government states that it requested a travel document for Kikham S. on January 18, 2026, which Laos has now issued, and that Kikham S. "is manifested on an upcoming scheduled charter flight" to Laos. *See* ECF No. 5 ¶ 20; ECF No. 4 at 1. As such, the Government asserts that the "record evidence rebuts any notion that there is no significant likelihood of [Kikham S.'s] removal." ECF No. 4 at 11.

The fact that the Government has obtained a travel document from Laos for Kikham S. and scheduled a flight to return him to Laos certainly lends credence to its argument that Kikham S.'s removal is significantly likely to occur in the reasonably foreseeable future, if not imminently. The problem, however, is that none of that information is even suggested, much less expressly stated, in the Notice itself. As this Court has explained, 8 C.F.R. § 241.13(i)(3) "require[s] that when a noncitizen is notified of a release revocation, the 'reasons' for that revocation must be stated in the notification,"

5

and that such notice may not "merely parrot[] the regulatory text governing re-detention." *Roble v. Bondi*, 803 F. Supp. 3d 766, 771 (D. Minn. 2025). But the Notice here "provides zero reasons as to *what* changed circumstances exist[ed]" at the time it was served on Kikham S. *Id.* Indeed, the only "reasons" ICE offered in the Notice for revoking Kikham S.'s OSUP are variations of the conclusory assertion that "there is a significant likelihood of removal in the reasonably foreseeable future." *See* ECF No. 5-7 at 1. There is no indication, for example, that ICE informed Kikham S. it had obtained or begun the process of obtaining a travel document from Laos to effect Kikham S.'s removal—nor could ICE have made such a representation since ICE did not even request a travel document for Kikham S. until two weeks after he was detained. *See* ECF No. 5 ¶¶ 18–20. As a result, when the ICE Deportation Officer conducted the informal interview with Kikham S., ostensibly to provide Kikham S. an opportunity to respond to the reasons for revocation of his OSUP stated in the Notice, there is nothing in the record to assure the Court that Kikham S. knew what "reasons" he was responding to, much less how he could attempt to rebut those "reasons." *See Roble*, 803 F. Supp. 3d at 772 (explaining that a petitioner "cannot be expected to 'respond to the reasons for revocation stated in the notification' if the notification does not actually *state* any reasons for revocation").

This Court and judges in this District have held that insufficient notices of revocation like the one at issue here entitle a petitioner to habeas relief. *See, e.g.*, *id.* at 772, 774 ("Because ICE violated its own regulations when it detained Roble without notifying him of the reasons why he was being detained, Roble is entitled to habeas relief."); *Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 781–84 (D. Minn. 2025); *Garrison G. v. Bondi*,

No. 26-cv-172 (JMB/DJF), 2026 WL 157677, at *3–4 (D. Minn. Jan. 17, 2026); *Raciel Z. P. v. Noem*, No. 26-cv-249 (KMM/SGE), 2026 WL 568266, at *4–6 (D. Minn. Feb. 13, 2026), *report and recommendation adopted*, 2026 WL 564251 (D. Minn. Feb. 27, 2026); *Dusan C. v. Bondi*, No. 26-cv-620 (JRT/ECW), 2026 WL 458128, at *5–6 (D. Minn. Feb. 13, 2026), *report and recommendation adopted*, 2026 WL 465534 (D. Minn. Feb. 18, 2026); *Chou T. v. Noem*, No. 26-cv-1432 (SHL/ECW), 2026 WL 607413, at *5–6 (D. Minn. Feb. 20, 2026), *report and recommendation adopted*, 2026 WL 613575 (D. Minn. Mar. 4, 2026); *Loc T. v. Bondi*, No. 25-cv-4705 (PJS/DTS), 2026 WL 592072, at *1–2 (D. Minn. Mar. 3, 2026). The facts in this case require the same outcome. Accordingly, the Court grants Kikham S.'s habeas petition and orders his release from custody as set forth below.[2]

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1.      Kikham S.'s Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2.      The Government is **ORDERED** to release Kikham S. from custody by no later than **5:00 p.m. on Friday, March 13, 2026**, subject to the conditions in his preexisting Order of Supervision (ECF No. 5-6); and

---

[2]      Because the Court grants relief on Kikham S.'s statutory claims, the Court need not adjudicate his remaining constitutional claims. *See United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998).

3.      The Government is **ORDERED** to provide the Court with a status update

concerning Kikham S.'s release by no later than **Monday, March 16, 2026**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: March 11, 2026                              *s/Laura M. Provinzino*
                                                                   Laura M. Provinzino
                                                                   United States District Judge