# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| KIKHAM S., | Case No. 26-cv-1621 (LMP/ECW) |
| Petitioner, | |
| v. | **ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |
| MARKWAYNE MULLIN,[1] *Secretary, Department of Homeland Security*; TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

Daniel P. Suitor, **Daniel P. Suitor, PLLC, Minneapolis, MN**, for Petitioner.

Trevor Brown and David W. Fuller, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

On February 25, 2026, Petitioner Kikham S. filed a petition for a writ of habeas corpus alleging that Respondents (the "Government") unlawfully revoked his order of supervision and detained him for the purpose of executing Kikham S.'s final order of removal. *See* ECF No. 7 at 2–3. The Court granted Kikham S.'s petition on March 11, 2026, and ordered the Government to release Kikham S. from custody. *Id.* at 7. Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Kikham S. now moves for

---

[1]     Markwayne Mullin is substituted in place of former Secretary of Homeland Security Kristi Noem pursuant to Federal Rule of Civil Procedure 25(d).

an award of attorney's fees and costs in the amount of $3,155.00.  ECF No. 10; ECF No. 12 at 16.

The EAJA provides that a court shall award fees, costs, and other expenses incurred by the prevailing party in a civil action against the United States[2] "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The "position of the United States" includes both the underlying agency action and the United States' litigation position.  *Id.* § 2412(d)(2)(D).  A party seeking an award under the EAJA must apply within thirty days of the final judgment and: (1) establish that he was the prevailing party and is eligible to receive an award; (2) detail the amount of the award sought; and (3) allege that the position of the United States was not substantially justified.  *Id.* § 2412(d)(1)(B).  If the moving party meets his burden, "the burden shifts to the government to prove that it was substantially justified in asserting its position."  *Huett v. Brown*, 873 F.2d 1153, 1155 (8th Cir. 1989).

The Government does not dispute that Kikham S. was the prevailing party in this case and does not contest the "rates charged by his counsel, the hours expended, or the total fees and costs sought."  ECF No. 17 at 1.  Kikham S. asserts that the Government's litigation position was not substantially justified as demonstrated by decisions from "courts in this District and around the country" which have "soundly rejected" the Government's

---

[2]    Under the EAJA, "United States" includes federal agencies and federal officials acting in their official capacities.  28 U.S.C. § 2412(d)(2)(C).  Respondents are federal officials, and Kikham S.'s claims were brought against them in their official capacities, *see* ECF No. 1 at 1, so this action was against the "United States" for purposes of the EAJA.

litigation position and found its conduct to be unlawful. *See* ECF No. 12 at 5–8. The Government, for its part, makes no argument that its litigation position or underlying agency action was substantially justified, stating instead that it "defer[s] to the Court" on that issue. ECF No. 17 at 1.

It is, however, the Government's burden to "prove that it was substantially justified in asserting its position." *See Huett*, 873 F.2d at 1155. The Government therefore has not met that burden. Regardless, the Court finds that the Government's conduct and litigation position was not substantially justified in this case. *See* ECF No. 7 at 6–7 (collecting cases in which courts held that "insufficient notices of revocation" entitle a petitioner to habeas relief). And because the Government does not dispute that Kikham S. is eligible to receive an award as the prevailing party and does not dispute the amount of the award he seeks, Kikham S.'s motion is granted. Accordingly, the Court concludes that Kikham S. is entitled to an award of attorney's fees and costs in the amount of $3,155.00.

Finally, the Government notes that "there is an ongoing lapse in appropriations to the Department of Homeland Security" and requests that "any order awarding costs and fees allow the [Government] to make payment within 30 days after entry of the order or 30 days after the restoration of appropriations, whichever is later." ECF No. 17 at 1–2. The Court grants the Government's request as set forth below.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1.  Kikham S.'s Motion for Attorney's Fees and Costs (ECF No. 10) is **GRANTED**;

2.  The Government shall make payment in the amount of $3,155.00 to Kikham S.'s counsel within 30 days after the date of this Order or within 30 days after appropriations to the Department of Homeland Security are restored, whichever occurs later; and

3.  Any checks issued for payment of the award shall be delivered to Kikham S.'s counsel at the following address:

    Daniel P. Suitor, PLLC
    331 Second Avenue South, Suite 400-3099
    Minneapolis, MN 55401

Dated: April 22, 2026                   *s/Laura M. Provinzino*
                                        Laura M. Provinzino
                                        United States District Judge

4